UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, a Delaware corporation,<br><br>　　　　　　　Plaintiff,<br>　　v.<br>DAVID FAR, et al.,<br>　　　　　　　Defendants. | CASE NO. 2:15-CV-06192-AB (AJWx)<br><br>**[DISCOVERY MATTER]**<br><br>**[PROPOSED]** **PROTECTIVE ORDER** |

Upon joint stipulation of Plaintiff Adobe Systems Incorporated ("Plaintiff") and Defendants David Far and Nazanin Aran ("Defendants"), by and through their respective counsel of record, and **FOR GOOD CAUSE SHOWN, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS**:

1. PURPOSES AND LIMITATIONS

Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure; in the case of information that is extremely confidential and/or sensitive in nature, from disclosure to any other Party or Non-Party other than Counsel; and from use for any purpose other than prosecuting this Action may be

1  warranted.  This Protective Order Regarding the Disclosure and Use of Discovery
2  Material ("Order" or "Protective Order") does not confer blanket protections on all
3  disclosures or responses to discovery and the protection it affords from public or
4  other disclosure and use extends only to the limited information or items that are
5  entitled to confidential treatment under the applicable legal principles.  As set forth
6  in Section 13.3, below, this Protective Order does not entitle the Parties to file
7  confidential information under seal; Civil Local Rule 79-5 sets forth the procedures
8  that must be followed and the standards that will be applied when a Party seeks
9  permission from the court to file material under seal.

10        2.    GOOD CAUSE STATEMENT

11              This Action is likely to involve trade secrets, customer and pricing
12  information, financial, technical and/or proprietary information for which special
13  protection from public disclosure; and for which prevention from use for any
14  purpose other than prosecution of this Action is warranted. Such confidential and
15  proprietary materials and information consist of, among other things, confidential
16  business or financial information, information regarding confidential business
17  practices, or other confidential research, development, or commercial information
18  (including information implicating privacy rights of Non-Parties), information
19  otherwise generally unavailable to the public or to any Party or Non-Party, or
20  which may be privileged or otherwise protected from disclosure under state or
21  federal statutes, court rules, case decisions, or common law.  Accordingly, to
22  expedite the flow of information, to facilitate the prompt resolution of disputes
23  over confidentiality of discovery materials, to adequately protect information
24  Parties and Non-Parties are entitled to keep confidential, to ensure that the Parties
25  are permitted reasonable necessary uses of such material in preparation for and in
26  the conduct of trial, to address their handling at the end of the Action, and serve the
27  ends of justice, a protective order for such information is justified in this matter. It
28  is the intent of the Parties that information will not be designated as confidential

for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record in this case.

3. DEFINITIONS

3.1 Action: This pending federal law suit *Adobe Systems Inc. v. Far*, Case No. 2:15-CV-06192-AB (AJWx).

3.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

3.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.4 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL" Information or Items, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3.5 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

3.6 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.7 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.8 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to

serve as an expert witness or as a consultant in this Action.

3.9 House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.10 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.11 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

3.12 Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3.13 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.14 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.15 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY."

3.16 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

4. SCOPE

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or

compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

5. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

6. DESIGNATING PROTECTED MATERIAL

6.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating

1 Party must promptly notify all other Parties that it is withdrawing the inapplicable
2 designation.

3       6.2    <u>Manner and Timing of Designations.</u>  Except as otherwise
4 provided in this Order, or as otherwise stipulated or ordered, Disclosure or
5 Discovery Material that qualifies for protection under this Order must be clearly so
6 designated before the material is disclosed or produced after the date of entry of
7 this Protective Order.

8       Designation in conformity with this Protective
9       Order requires:

10       (a) for information in documentary form (e.g., paper or
11 electronic documents, but excluding transcripts of depositions or other pretrial or
12 trial proceedings), that the Producing Party affix, at a minimum, the legend
13 "CONFIDENTIAL" to each page that contains Protected Material.  If only a
14 portion or portions of the material on a page qualifies for protection, the Producing
15 Party also must clearly identify the protected portion(s) (e.g., by making
16 appropriate markings in the margins).

17       A Party or Non-Party that makes original documents available
18 for inspection need not designate them for protection until after the inspecting
19 Party has indicated which documents it would like copied and produced.  After the
20 inspecting Party has identified the documents it wants copied and produced, the
21 Producing Party must determine which documents, or portions thereof, qualify for
22 protection under this Protective Order.  Then, before producing the specified
23 documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY
24 CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that
25 contains Protected Material. If only a portion or portions of the material on a page
26 qualifies for protection, the Producing Party also must clearly identify the
27 protected portion(s) (e.g., by making appropriate markings in the margins).
28 ///

(b)  Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL" until the time within which it may be appropriately designated as provided for herein has passed.   Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within thirty (30) days, or else the transcript may be treated as non-confidential.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend.  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

///

///

///

83408942v1

7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1 <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2 <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1, *et seq*. Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.

7.3 <u>Burden</u>.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties or Non-Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties and Non-Parties bound by this Protective Order shall continue to afford the Protected Material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8. ACCESS TO AND USE OF PROTECTED MATERIAL

8.1 <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

8.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court, jury, and Court personnel;

(e) Court reporters, stenographers and videographers retained to record testimony taken in this Action;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) Any persons who:

(h) appear on the face of the designated Protected Material as an author, addressee or recipient thereof, or (ii) are witnesses during a deposition, court hearing, or trial where specific documentary or testimonial evidence

establishes that the designated Protected Material was authored or received by the witness;

(i) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness agree to be bound by the provisions of the Protective Order by signing the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any Protected Material unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(j) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

8.3  Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  the court and its personnel;

(d)  private court reporters and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

1      (e) professional jury or trial consultants, mock jurors, and
2 Professional Vendors to whom disclosure is reasonably necessary for this Action
3 and who have signed the "Acknowledgment and Agreement to Be Bound"
4 (Exhibit A);
5      (f) the author or recipient of a document containing the
6 information or a custodian or other person who otherwise possessed or knew the
7 information; and
8      (g) any mediator or settlement officer, and their supporting
9 personnel, mutually agreed upon by any of the parties engaged in settlement
10 discussions.
11   9.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED
12        PRODUCED IN OTHER LITIGATION</u>
13      If a Party is served with a subpoena or a court order issued in other
14 litigation that compels disclosure of any information or items designated in this
15 Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
16 EYES ONLY" that Party must:
17      (a) promptly notify in writing the Designating Party. Such notification
18 shall include a copy of the subpoena or court order;
19      (b) promptly notify in writing the party who caused the subpoena or
20 order to issue in the other litigation that some or all of the material covered by the
21 subpoena or order is subject to this Protective Order. Such notification shall
22 include a copy of this Protective Order; and
23      (c) cooperate with respect to all reasonable procedures sought to be
24 pursued by the Designating Party whose Protected Material may be affected.
25      If the Designating Party timely seeks a protective order, the Party
26 served with the subpoena or court order shall not produce any information
27 designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL
28 – ATTORNEYS' EYES ONLY" before a determination by the court from which

the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION

(a) The terms of this Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Protected Material, then the Party shall:

(1) promptly notify in writing the requesting party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If a Non-Party represented by counsel fails to commence the process called for by Local Rules 45-1 and 37-1, et seq. within 14 days of

1  receiving the notice and accompanying information or fails contemporaneously to
2  notify the Receiving Party that it has done so, the Receiving Party may produce the
3  Non-Party's confidential information responsive to the discovery request.  If an
4  unrepresented Non-Party fails to seek a protective order from this court within 14
5  days of receiving the notice and accompanying information, the Receiving Party
6  may produce the Non-Party's confidential information responsive to the discovery
7  request.  If the Non-Party timely seeks a protective order, the Receiving Party shall
8  not produce any information in its possession or control that is subject to the
9  confidentiality agreement with the Non-Party before a determination by the court
10 unless otherwise required by the law or court order.  Absent a court order to the
11 contrary, the Non-Party shall bear the burden and expense of seeking protection in
12 this court of its Protected Material.
13     11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL
14            If a Receiving Party learns that, by inadvertence or otherwise, it has
15 disclosed Protected Material to any person or in any circumstance not authorized
16 under this Protective Order, the Receiving Party must immediately (a) notify in
17 writing the Designating Party of the unauthorized disclosures, (b) use its best
18 efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the
19 person or persons to whom unauthorized disclosures were made of all the terms of
20 this Protective Order, and (d) request such person or persons to execute the
21 "Acknowledgment and Agreement to Be Bound" that is attached hereto as
22 Exhibit A.
23     12.    INADVERTENT PRODUCTION OF PRIVILEGED OR
24            OTHERWISE PROTECTED MATERIAL
25            When a Producing Party gives notice to a Receiving Party that certain
26 inadvertently produced material is subject to a claim of privilege or other
27 protection, the obligations of the Receiving Party are those set forth in Federal
28 Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify

whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in a stipulated protective order submitted to the Court.

13. MISCELLANEOUS

13.1 Right to Further Relief. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the Protected Material covered by this Protective Order.

13.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue; good cause must be shown in the request to file under seal. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

14. FINAL DISPOSITION

After the final disposition of this Action, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such Protected Material. As used in this Section 14, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the

1  Protected Material.  Whether the Protected Material is returned or destroyed, the
2  Receiving Party must submit a written certification to the Producing Party (and, if
3  not the same person or entity, to the Designating Party) by the sixty (60) day
4  deadline that (1) identifies (by category, where appropriate) all the Protected
5  Material that was returned or destroyed and (2) affirms that the Receiving Party
6  has not retained any copies, abstracts, compilations, summaries or any other format
7  reproducing or capturing any of the Protected Material.  Notwithstanding this
8  provision, Counsel are entitled to retain an archival copy of all pleadings, motion
9  papers, trial, deposition, and hearing transcripts, legal memoranda,
10 correspondence, deposition and trial exhibits, Expert reports, attorney work-
11 product, and consultant and Expert work-product, even if such materials contain
12 Protected Material. Any such archival copies that contain or constitute Protected
13 Material remain subject to this Protective Order as set forth in Section 5
14 (DURATION).
15      Any violation of this Protective Order may be punished by any and all
16 appropriate measures including, without limitation, contempt proceedings and/or
17 monetary sanctions.

19 FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

21 DATED:   June 14, 2016

_____
Honorable Andrew J. Wistrich
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Adobe Systems Incorporated. v. Far*, Case No. 2:15-CV-06192-AB (AJWx).

I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint_____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____